IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-1286-WJM-MJW

MARIA MENDOZA,

    Plaintiff,

v.

HOSPITALITY STAFFING SOLUTIONS, LLC,
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
CHARTIS, INC.,
CHARTIS CLAIMS, INC.,
AMERICAN INTERNATIONAL GROUP, INC., and
AIG CLAYTON WORK COMP.,

    Defendants.

## ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND REMANDING CASE TO BOULDER COUNTY DISTRICT COURT

This matter is before the Court on the Notice of Removal ("Notice") filed by Defendants American International Group, Inc., Chartis, Inc., Insurance Company of the State of Pennsylvania, Hospitality Staffing Solutions, LLC ("HSS"), Chartis Claims, Inc., and AIG Clayton Work Comp. (collectively "Defendants").  (ECF No. 1.)  Defendants' Notice states that this Court has jurisdiction over the above-captioned action based on diversity of the parties pursuant to 28 U.S.C. § 1332.  (*Id.* ¶ 3.)  Section 1332(a)(1) states that the "[federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Exercising its independent duty to examine its subject matter jurisdiction, the Court entered an Order

to Show Cause ("Order") requiring Defendants to allege "sufficient facts to show that diversity jurisdiction exists." (ECF No. 17.) Amongst other things, the Order provided:

> Defendants' Notice of Removal alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties. Defendants fail, however, to establish the citizenship of each and every member of Hospitality Staffing Solutions, LLC. The Court must consider the citizenship of all members of the LLC in determining whether diversity jurisdiction exists. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

(ECF No. 17.) On May 24, 2013, Defendants filed a Response to the Order to Show Cause ("Response"). (ECF No. 18.)

## I. ANALYSIS

As the parties invoking federal court jurisdiction, Defendants "bear[ ] the burden of proving that such jurisdiction exists." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[T]he defendant is required to prove jurisdictional facts . . . ."); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When a case is originally filed in state court, there is a "strong presumption" against removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Defendants make three arguments in their Response: (1) HSS, as an LLC, should be treated like a corporation for purposes of determining its citizenship; (2) even

if HSS is *not* treated like a corporation, none of the ascertainable component members of HSS are Colorado citizens, and therefore the parties are completely diverse; and (3) HSS is improperly joined and should not defeat diversity.  (*See* ECF No. 18 at 2-5.)

First, Defendants argue that because the Tenth Circuit has not authoritatively decided the issue of how to evaluate the citizenship of an LLC, this Court may choose to determine the citizenship of HSS by treating it like a corporation.  (ECF No. 18 at 2.) Defendants state that because *Harvey v. Grey Wolf Drilling*, the Fifth Circuit case cited by the Court in its Order to Show Cause, discusses Louisiana law in reasoning that an LLC's citizenship should be treated like a partnership, the Court should consider Colorado law in making its determination.  (*Id.*)

Defendants' argument is intriguing, but the Court is not persuaded to abandon the rule set forth by "[a]ll federal appellate courts that have addressed the issue [and] have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey*, 542 F.3d at 1080 (citing cases from the First, Second, Fourth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits); *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (noting that the Tenth Circuit has not directly confronted the issue, and adopting the majority rule that an LLC is a citizen of the states of which its members are citizens).  Furthermore, Defendants' Motion mischaracterizes the reasoning in *Harvey*; although the Fifth Circuit did discuss Louisiana law, it first discussed case law from eight other circuit courts, as well as a federal statute, in finding that all such sources concurred that "an LLC should not be

treated as a corporation for purposes of diversity jurisdiction." *Id.* Accordingly, the Court will follow the majority rule and determine HSS's citizenship by the citizenship of its members.

Predicting the likelihood of this ruling, Defendants next argue that even if the citizenship of HSS's members is considered, HSS remains diverse for the purposes of determining jurisdiction. (ECF No. 18 at 3.) However, in incompletely describing the citizenship of HSS's members, Defendants have failed to comply with the Order to Show Cause. Defendants filed with their Response the affidavit of Jim Woodward, Chief Financial Officer of HSS, in which he attests to the citizenship of some members of HSS. (ECF No. 18-1.) However, Defendants failed to discuss *all* members and sub-members as required to determine whether diversity jurisdiction is present. (*See id.* at 2.)

Specifically, Mr. Woodward states that the sole member of HSS is HSS Holding, LLC. (*Id.* at 1.) The two members of HSS Holding, LLC are Frontenac IX Private Equity Capital, LP, and Norwest Bank Mezzanine Partners, both of which are partnerships whose citizenship is determined by the citizenship of their component partners. (*See id.* at 1-2); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that the citizenship of a partnership is based upon the citizenship of each of its members). However, Mr. Woodward then states that the partners comprising Frontenac IX Private Equity Capital are unknown, and their identities are protected by a confidentiality agreement. (ECF No. 18-1 at 2.) Finally, Mr. Woodward states: "I do not possess information to confirm for certain the precise ownership interests of Norwest Bank Mezzanine Partners," and Defendants' Response adds no further information

beyond that in Mr. Woodward's affidavit.  (*See id.*)

The Court must consider the citizenship of all members of an LLC, and the citizenship of any component members of those member entities, to determine whether diversity jurisdiction exists.  *Harvey,* 542 F.3d at 1080.  The Order to Show Cause specifically directed Defendant to provide information to establish the citizenship of "each and every member of Hospitality Staffing Solutions, LLC."  (ECF No. 17.)  Defendants' Response fails to provide the information necessary to definitively determine the citizenship of HSS.  The Response is therefore deficient, and does not satisfy the Court's Order to Show Cause.

However, in their third and final argument, Defendants allege that HSS was improperly joined in this action, and the Court should therefore disregard HSS's presence in considering jurisdiction.  (ECF No. 18 at 4.)

Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties.  *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).  In asserting fraudulent joinder, a party argues that it was joined to the action merely to defeat diversity, and "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Id.*  The party asserting fraudulent joinder faces a "heavy burden" and must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court."  *Montano v. Allstate Indemnity*, 2000 WL 525592, *1 (10th Cir. April 14, 2000).

Defendants contend that there is no possibility that Plaintiff will be able to establish a cause of action against HSS in this case, and therefore HSS is not properly joined as a defendant. (ECF No. 18 at 4-6.) However, Defendants have *not* asserted that HSS was fraudulently joined solely to defeat diversity jurisdiction and prevent removal. Rather, apparently conceding that HSS had some role in the incident out of which the instant action arose, but disclaiming liability for Plaintiff's claims, Defendants' argument attempts to shoehorn a motion to dismiss for failure to state a claim into the instant Motion based on its similarity to the test for fraudulent joinder. The Court need not determine whether Plaintiff might possibly state a claim against HSS, because Defendants have failed to allege the "specific allegations of fraudulent joinder" that would require the Court to apply such a test. See *Smoot*, 378 F.2d at 882. Therefore, the Court finds that HSS was not fraudulently joined in order to defeat removal, and the citizenship of HSS must be considered in determining whether diversity exists. Defendants' failure to fully comply with the Court's order prevents the Court from making that determination.

The Court notes that Defendants were specifically warned that this action would be dismissed if they did not properly respond to the Court's Order to Show Cause. (ECF No. 17.) Despite this warning, Defendants failed to provide the information requested. On the current record, the Court finds that Defendants have not met their burden of showing that this Court has jurisdiction over this action. Therefore, Defendants have failed to overcome the presumption against removal in this case, and remand of this case is appropriate. See *Martin*, 251 F.3d at 1290.

## II.  CONCLUSION

Accordingly, the Court's Order to Show Cause is MADE ABSOLUTE and the above-captioned action is REMANDED to Boulder County District Court.  The Clerk shall transmit the file.

Dated this 10th day of June, 2013.

BY THE COURT:

*[signature]*

William J. Martínez
United States District Judge
